NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD CRANE, | ) | No. C 08-4300 JF (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| D.M. MANTEL, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendants, three Appeals Coordinators at Salinas Valley State Prison ("SVSP") have been improperly processing, denying, and "screening out" administrative appeals filed by him and other inmates. For the reasons discussed below, the complaint is DISMISSED for failure to state a cognizable claim for relief.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6  elements: (1) that a right secured by the Constitution or laws of the United States was
7  violated, and (2) that the alleged violation was committed by a person acting under the
8  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9       The denial of or failure to process properly prison administrative appeals does not
10 constitute a violation of a prisoner's constitutional rights.  There is no constitutional right
11 to a prison administrative appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d
12 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also
13 Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without criticism, Nebraska
14 system contained no provision for administrative review of disciplinary decisions).  As
15 Plaintiff has no constitutional right in the first instance to file administrative appeals,
16 Defendants' alleged denial and failure to process properly Plaintiff's appeals does not rise
17 to the level of a constitutional violation.  Consequently, Plaintiff's allegations as to the
18 processing of his administrative appeals do not state a claim upon which relief may be
19 granted under § 1983.

## CONCLUSION

21      For the reasons described above, the complaint is DISMISSED for failure to state a
22 cognizable claim for relief.
23      The Clerk shall terminate all pending motions, enter judgment and close the file.
24      IT IS SO ORDERED.
25 DATED: 11/17/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.JF\CR.08\Crane4300_dism.wpd          2